| | |
|---|---|
| PNC BANK, N.A., | |
| Plaintiff, | No. 14 CV 9795 |
| v. | Judge Manish S. Shah |
| KALABHI A. PATEL, AMBABEN PATEL, RASHILA PATEL, U.S. 45 & ILLINOIS 137, INC., U.S. SMALL BUSINESS ADMINISTRATION, and STATE BANK OF TEXAS, | |
| Defendants. | |

## ORDER

Plaintiff's motions for summary judgment [32], appointment of a special commissioner [31], and attorney fees [37], are granted. The status hearing on 12/2/15 at 9:30 a.m. is stricken, and no appearance is necessary. Plaintiff is directed to submit a proposed judgment order of foreclosure to the court's proposed order email address (proposed_order_shah@ilnd.uscourts.gov) by 12/4/15.

## STATEMENT

Plaintiff moves for summary judgment (and appointment of a special commissioner and attorney fees) in this mortgage foreclosure action, governed by Illinois law. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under Local Rule 56.1(b)(3)(C), the statements of fact by the moving party will be deemed admitted unless controverted by a statement of the opposing party. Defendants did not respond to plaintiff's motions, therefore the motions are unopposed and the plaintiff's statements of facts are deemed admitted.

In 2001, defendants Kalabhi and Ambaben Patel executed a promissory note in favor of National City Bank of Michigan/Illinois secured by a 1995 real estate mortgage on property (31228 N. Highway 45, Libertyville, Illinois). At the same time as the 1995 mortgage, defendant U.S. 45 & Illinois 137, Inc., agreed to guaranty all obligations of the Patels on the note. In 2006, the Patels executed an amended note. Plaintiff PNC Bank is the successor to the original lenders, and the holder of the note

and mortgage. The borrowers and guarantor failed to make all the payments on the loan, and as of September 2015, the principal, interest, late charges and fees due were over $224,000. Plaintiff performed its obligations, and now moves for a judgment of foreclosure. Defendants Rashila Patel, U.S. Small Business Administration, and State Bank of Texas were named in this mortgage foreclosure action because they may have some interest in the property at issue (but none of the defendants oppose the pending motions).

While the borrowers and guarantor filed an answer denying liability, they have not opposed plaintiff's motion for summary judgment. The non-movant cannot rest on its pleadings to oppose summary judgment, but must come forward with evidence. As noted above, by failing to comply with the local rules for summary judgment motions, the defendants have admitted all of the plaintiff's facts. Therefore, the borrowers and guarantor are in default of their obligations and plaintiff is entitled to a judgment of foreclosure and sale on the property. Plaintiff's interest in the property is superior to all other defendants named in the complaint. Under the terms of the note and mortgage, the borrowers, Kalabhi and Ambaben Patel, and the guarantor, U.S. 45 & Illinois 137, Inc., are also liable for any deficiency remaining after foreclosure and sale. Under the loan terms, these defendants must also pay the reasonable attorneys' fees incurred in connection with this foreclosure action.

Plaintiff's motions are granted. The attorneys' fees requested are reasonable and Judicial Sales Corporation is appointed a special commissioner to conduct a sale of the subject property. Plaintiff is directed to submit a proposed judgment order of foreclosure to the court's proposed order email address by 12/4/15.

ENTER:

Date: 11/30/15

Manish S. Shah
U.S. District Judge